UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.                                              Case No. 3:21-cr-22(S4)-MMH-MCR

KRISTOPHER JUSTINBOYER ERVIN

**UNITED STATES' MOTION FOR A SECOND PRELIMINARY
ORDER OF FORFEITURE FOR SUBSTITUTE ASSET**

The United States of America respectfully moves, pursuant to 21 U.S.C. §
853(p), as incorporated by 28 U.S.C. § 2461(c) and 31 U.S.C. § 5317(c), and Rule
32.2(e)(1)(B), the United States moves for a preliminary order of forfeiture for
approximately $5,151 in U.S. currency seized from the defendant's residence on
April 30, 2021, in partial satisfaction of the preliminary order of forfeiture for
proceeds. In support of this motion, the United States submits the following
memorandum of law:

**MEMORANDUM OF LAW**

I.      **STATEMENT OF FACTS**

        A.      **Allegations Against Ervin**

        1.      On August 31, 2023, the Court entered a Preliminary Order of
Forfeiture for Proceeds (in the amount of $68,000), and Substitute Assets ($3,700
seized from the defendant on March 2, 2021, and approximately $17,753.27 seized
from Community First Credit Union account number 0001643009). Doc. 316. In
that order, the Court stated that the United States may seek, as a substitute asset,

pursuant to 21 U.S.C. § 853(p), forfeiture of any of the defendant's property up to the value of $68,000.

2.      To date, no assets have been forfeited and no payments have been made by the defendant towards the preliminary order of forfeiture for proceeds. Therefore, the current balance remains $68,000.[1]

3.      On February 7, 2024, the undersigned consulted with defense counsel, who advised that the defense takes no position to the forfeiture or relief sought in this motion.

## II.    APPLICABLE LAW

The Court's authority to order the forfeiture of substitute assets is found in 21 U.S.C. § 853(p), which is incorporated by 28 U.S.C. § 2461(c) and 31 U.S.C. § 5317(c). As relevant here, section 853(p) provides that if — as a result of any act or omission of the defendant — property subject to forfeiture has been transferred or sold to, or deposited with, a third party, or has been commingled with other property which cannot be divided without difficulty, the court shall order the forfeiture of any other property of the defendant, up to the value of any property subject to forfeiture. *See* 21 U.S.C. § 853(p)(1)-(2); *see also United States v. Soreide*, 461 F.3d 1351, 1352 n.1 (11th Cir. 2006) (per curiam) (section 853(p) "provide[s] for forfeiture of substitute

---

[1] Upon entry of a Final Order of Forfeiture for the assets listed in the Preliminary Order of Forfeiture, Doc. 316, the proceeds will be applied to the outstanding balance of the $68,000 preliminary order of forfeiture for proceeds.

assets of the defendant if the property involved in or traceable to the crime is not available for forfeiture.").

Rule 32.2(e)(1)(B) further provides that, on the United States' motion, the Court may "at any time" enter an order of forfeiture to include substitute property that qualifies for forfeiture under an applicable statute. Indeed, if the government establishes that the property is subject to forfeiture under Rule 32.2(e)(1), the court "must" enter an order forfeiting the property. Rule 32.2(e)(2)(A).

Unlike other types of forfeiture under 21 U.S.C. § 853 and Rule 32.2(e)(1)(B), there is no nexus or tracing requirement for the forfeiture of substitute property under 21 U.S.C. § 853(p) and Rule 32.2(e)(1)(B). By definition, substitute property can be "any" property of the defendant. In fact, substitute assets are only forfeitable because the traceable and directly forfeitable property is unavailable. *See* 21 U.S.C. § 853(p); *United States v. Fleet*, 498 F.3d 1225, 1231 (11th Cir. 2007) (Congress chose broad language providing that any property of the defendant may be forfeited as a substitute asset and that Courts cannot carve out exceptions to the statute).

Any of the defendant's property having less than or equal value to forfeited property can be substituted where a defendant has concealed or disposed of the proceeds of the illegal activity or property derived from those proceeds. *See United States v. Reed,* 924 F.2d 1014, 1017-18 (11th Cir. 1991) (business building in defendant's name which, after verdict of forfeiture, was encumbered and then transferred to third parties was forfeitable as substitute asset). As the Seventh Circuit

3

noted, a defendant may be ordered to forfeit "every last penny" he owns as substitute assets to satisfy an outstanding forfeiture order. *See United States v. Carroll*, 346 F.3d 744 (7th Cir. 2003).

Moreover, the Rules of Criminal Procedure allow for three separate forms of forfeiture relief: (i) an *in personam* forfeiture money judgment; (ii) specific property made directly forfeitable by statute; and (iii) in the absence of directly forfeitable property, substitute assets. *United States v. Waked Hatum*, 969 F.3d 1156, 1170 (11th Cir. 2020) (concurrence in part). Where proceeds or involved-in property cannot be found, substitute assets may be forfeited to satisfy the order of forfeiture for proceeds. *See* 21 U.S.C. § 853(p); *see also Waked Hatum*, 969 F.3d at 1166, 1170 (11th Cir. 2020) ("Section 853(p) provides for forfeiture in the amount of "the property involved in or traceable to the crime' if that property 'is not available for forfeiture.'").

The proceeds from the forfeited asset will be credited towards the partial satisfaction of the defendant's preliminary order of forfeiture for proceeds.

## III.   CONCLUSION

The United States requests that the Court, pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c) and 31 U.S.C. § 5317(c), and Rule 32.2(e)(1)(B), enter a Preliminary Order of Forfeiture for approximately $5,151 in U.S. currency, in partial satisfaction of the defendant's preliminary order of forfeiture for proceeds.

Upon issuance of the Second Preliminary Order of Forfeiture for Substitute Asset, the United States will provide written notice to all third parties known to have

an alleged legal interest in the property and will publish notice on the Internet at

www.forfeiture.gov of its intent to forfeit the property. Determining whether a third

party has any interest in the property must be deferred until a third-party file a claim

in an ancillary proceeding under Rule 32.2(c).

The United States further requests that the Court retain jurisdiction to address

any third-party claim that may be asserted in these proceedings, to enter any further

order necessary for the forfeiture and disposition of such property, and to order any

other substitute assets forfeited to the United States up to the amount of the Order of

forfeiture.

Respectfully Submitted,

ROGER B. HANDBERG
United States Attorney

By:    *s/Jennifer M. Harrington*
JENNIFER M. HARRINGTON
Assistant United States Attorney
Florida Bar No. 0117748
400 W. Washington Street, Suite 3100
Orlando, Florida 32801
Telephone: (407) 648-7500
Facsimile: (407) 648-7643
Email: Jennifer.Harrington2@usdoj.gov

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on February 8, 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to counsel of record.

*s/ Jennifer M. Harrington*
JENNIFER M. HARRINGTON
Assistant United States Attorney
